**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MACEO T. STREATER, Plaintiff | : | C.A. No. 3:24-cv-00004-SRU |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, et al., Defendants | : | May 3, 2024 |

**REPORT OF PARTIES' PLANNING MEETING**

| | |
|---|---|
| Date of Defendants' Counsel's Appearance: | February 22, 24, 26, 27, 28, and two defendants have not yet appeared |
| Date of Defendants' Answer: | April 4 (City of New Haven) |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 26(f), undersigned counsel conferred by email and telephone calls. The participants were Alexander T. Taubes, Esq. for the plaintiff, Maceo T. Streater; Thomas R. Gerarde for the defendant City of New Haven; Kristan M. Maccini for the defendant Joseph Greene; Scott R. Ouellette for the defendant Nicholas Pastore, William J. Melley, III for the defendants Robert Lawlor Sr. and Vaughn Maher, and Matthew Beizer for defendant Leonard Pastore.

**I. CERTIFICATION**

The parties certify that, after consultation with their client, they have discussed the nature and basis of the parties' claims and defenses, and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

1

## II. JURISDICTION

### A. Subject Matter Jurisdiction

This case is founded upon the subject matter jurisdiction granted over claims premised on federal law, and pendent jurisdiction over state law claims.

### B. Personal Jurisdiction

Personal jurisdiction is not contested in this matter by the appearing defendants.

## III. BRIEF DESCRIPTION OF CASE

### A. Plaintiff's Claims

This is a federal civil rights claim with pendent state law claims for the wrongful arrest, prosecution, conviction, imprisonment, and continued detention of Maceo T. Streater, for over 24 years. The plaintiff makes claims against the officers and investigators involved in the case as well as the City of New Haven, who employed the police officers.

### B. Defendants' Defenses and Claims

The defendant, the City of New Haven denies the material allegations of the complaint and has not yet had the opportunity to formulate affirmative defenses.

The defendant, Joseph Greene, denies the material allegations of the complaint and has not yet had the opportunity to formulate affirmative defenses.

The defendant Nicholas Pastore denies plaintiff's the material allegations in the Complaint. Additionally, this defendant has not had a full opportunity to properly investigate this matter and reserves the right to assert any and all applicable affirmative defenses.

The defendant, Leonard Pastore, denies the material allegations in the plaintiff's Amended Complaint (Doc. 14). Additionally, this defendant has not had a full opportunity to properly investigate this matter and reserves the right to assert any and all applicable affirmative defenses.

Defendants Maher and Lawlor have denied the material allegations of the complaint and have set forth initial affirmative defenses.

IV. **STATEMENT OF UNDISPUTED FACTS**

The parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that they can only agree to any facts the defendants will admit in their answer

V. **CASE MANAGEMENT PLAN**

A. **Initial Disclosures**

The parties agree to exchange initial disclosures by June 1, 2024.

B. **Scheduling Conference**

1. The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

C. **Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties do not request an early settlement conference.

3

      3.       The parties prefer a settlement conference, if such a conference is held, with a United States Magistrate Judge.

      4.       At this time, the parties do not request a referral for alternative dispute resolution pursuant to Local Rule 16.

    **D.**       **Joinder of Parties and Amendment of Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

      1.       Plaintiff should be allowed until August 1, 2024, to file motions to join additional parties and to file motions to amend the pleadings.  Motions filed after the foregoing date will require, in addition to any other requirements under the applicable rules, a showing of good cause of the delay.

      2.       Defendants should be allowed until September 1, 2024, to file motions to join additional parties and to file a response to any amended complaint.  Motions filed after the foregoing date will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

    **E.**       **Discovery**

      a.       Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).

At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

The parties will require written discovery and depositions on the subjects listed in subsection (b) below.

    b.    The parties anticipate that discovery will be needed on the following subjects:

        a.    Plaintiff's complaint allegations;

        b.    Any defenses asserted by the defendants;

        c.    All aspects of plaintiff's claimed damages.

The parties reserve the right to conduct discovery based upon any additional facts discovered. The parties also reserve the right to make appropriate objections to any discovery requests with respect to the aforementioned subjects or otherwise in accordance with the Federal Rules of Civil Procedure and applicable case law.

    c.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may be commenced immediately and will be completed (not propounded) by October 1, 2025.

    d.    Discovery will not be conducted in phases.

    e.    N/A.

    f.    The parties anticipate that they will each require a total of 10-12 depositions of fact witnesses. The depositions will be commenced immediately and be completed by November 1, 2025.

    g.    The parties may request permission to serve more than 25 interrogatories.

   h. The plaintiff may call expert witnesses at trial.  The defendant may call expert witnesses at trial.

   i. Plaintiff will designate all trial experts and provide defendant's counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by April 1, 2025.  Depositions of any such experts will be completed by June 1, 2025.

   j. The defendants will designate all trial experts and provide plaintiff with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by August 1, 2025.  Depositions of such experts will be completed by October 1, 2025.

   k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by October 1, 2024.

   l. The parties, after consultation with their client concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved, have discussed the disclosure and preservation of electronically stored information including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information:

To the extent that the parties find any responsive ESI, they shall produce such ESI in paper form, unless the need arises to produce ESI in electronic form or unless the parties agree otherwise on a document-by-document basis.  The parties do not anticipate the need to utilize search terms in the retrieval and production of such documents.  The parties shall search for ESI wherever they deem reasonable in their search for responsive information and shall preserve all possible sources of responsive information throughout the pendency of this litigation.  The parties agree that each party will bear the costs of assembling and producing such information.

m. The parties, after consultation with their client, have also discussed the location, volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.  The parties agree to the following procedures for the preservation, disclosure, and management of such information:

To the extent that the parties find any responsive documents, they shall produce such documents in paper form, unless the need arises to produce the documents in electronic form or unless the parties agree otherwise on a document-by-document basis.  The parties shall search for documents wherever they deem reasonable in their search for responsive information and shall preserve all possible sources of responsive information throughout the pendency of this litigation.  The parties agree that each party will bear the costs of assembling and producing such information.

n. The parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree that Fed. R. Civ. P. Rule 26(b)(5)(B) shall control such issues.

    **F.**    **Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case:

    **G.**    **Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before January 15, 2026.

    **H.**    **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by February 15, 2026, or thirty days after this court rules on any summary judgment motion, whichever is later.

**VI.**    **Trial Readiness**

This case will be ready for trial by March 1, 2026, or thirty days after the filing of the Joint Trial Memorandum, whichever is later.

The parties agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

    PLAINTIFF,

    BY /ss/ Alexander T. Taubes
        Alexander T. Taubes ct30100
        470 James Street, Suite 007
        New Haven, CT 06513
        (203) 909-0048
        alextt@gmail.com

DEFENDANT,
CITY OF NEW HAVEN
By:
Thomas R. Gerarde (ct05640)
Amanda E. Stone (ct31531)
Howd & Ludorf, LLC
100 Great Meadow Road – Suite 201
Wethersfield, CT 06109
(860) 249-1361
TGerarde@HL-Law.com
AStone@HL-Law.com

DEFENDANT,
JOSEPH GREENE

BY /ss/ Kristan M. Maccini
Kristan M. Maccini (ct25121)
Maccini Voccio & Jordan, LLC
101 Centerpoint Dr., Suite 232
Middletown, CT 06457
(860) 740-2538
Kmaccini@mvjlawfirm.com

| **DEFENDANT NICHOLAS PASTORE** | **DEFENDANTS MAHER & LAWLOR** |
|---|---|
| **James G. Williams**<br>**Scott Roland Ouellette**<br>The Law Offices of Williams, Walsh & O'Connor, LLC<br>37 Broadway, 1st Floor<br>North Haven, 06473, CT 06473<br>203-234-6333<br>Fax: 203-234-6330<br>Email: jwilliams@wwolaw.com | **William J. Melley, III**<br>Law Offices of William J. Melley III<br>250 Hudson Street<br>Hartford, CT 06106<br>860-247-9933<br>Fax: 860-247-9944<br>Email: wjmelley@wjmelley.com |

**DEFENDANT LEONARD PASTORE**

**Lisamaria T. Proscino**
**Matthew B. Beizer**
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
860-808-5432
Email: lisamaria.proscino@ct.gov
Email: matthew.beizer@ct.gov